# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### MIKE SETTLE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C03-128   Roger A. Page, Judge**

_____

**No. W2003-01261-CCA-R3-PC  - Filed July 23, 2004**

_____

The Petitioner, Mike Settle, appeals the trial court's denial of his petition for post-conviction relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.   After review, we conclude that thePetitioner has failed to establish a ground for which post-conviction relief may be granted.  Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

Mike Settle, pro se.

Paul G. Summers, Attorney General & Reporter; Jennifer L.  Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On January 10, 2001, the Petitioner entered guilty pleas to one count of especially aggravated kidnapping, one count of felony escape, one count of aggravated robbery, and two counts of aggravated assault.  Pursuant to the negotiated plea agreement, Petitioner was sentenced to twenty-five years for the especially aggravated kidnapping conviction, six years for the felony escape conviction, twenty-five years for the aggravated robbery conviction, and to fifteen years for each aggravated assault conviction. The agreement further provided that these sentences would be served concurrent with one another as well as concurrent with outstanding federal sentences.  However, these sentences would be served consecutive to outstanding sentences arising from numerous Shelby County convictions.

1

On September 24, 2001, Petitioner filed a petition for habeas corpus relief in the Morgan County Criminal Court, alleging that the State of Tennessee had violated the terms of his plea agreement because the Department of Correction refused to run his effective 25-year Madison County sentence concurrently with his federal sentence. On April 4, 2003, the Morgan County Criminal Court entered an order indicating that the petition should be treated as a petition for writ of certiorari to the Circuit Court for Madison County. The matter was then transferred to the Madison County Circuit Court. On April 24, 2004, the Madison County Circuit Court dismissed the petition without prejudice, concluding that the petition failed to assert a colorable claim for post-conviction relief. Petitioner timely filed a notice of appeal document on May 12, 2004.

In its motion for affirmance under Rule 20, Rules of the Tennessee Court of Criminal Appeals, the State submits (1) that the Petitioner has failed to assert a cognizable claim for post-conviction relief; (2) that the Petitioner has failed to provide this Court with a transcript of the guilty plea hearing; and (3) that the Petitioner's argument on appeal differs from his argument in the trial court. Petitioner has failed to respond to the State's motion.

Post-conviction relief may only be granted when the conviction or sentence is void or voidable because of an abridgement of a constitutional right. *Overton v. State,* 874 S.W.2d 6, 11 (Tenn.1994) (citations omitted). A guilty plea must be shown to have been intelligently and voluntarily entered to withstand constitutional scrutiny. The inability of the State to fulfill part of the plea bargain results in a plea bargain that cannot stand. *See Brady v. United States*, 397 U.S. 742, 755, 90 S. Ct. 1463, 1472 (1970); *see also Santobello v. New York*, 404 U.S. 257, 92 S. Ct. 495 (1971) (plea is void although breach of agreement inadvert). Indeed, "[w]here a promise embodied in a plea agreement cannot be legally performed by the parties, the voluntariness of the plea will be affected since the plea bargain agreement is the direct inducement for the guilty plea." *Joseph T. Faulkner v. State*, No. W1999-00223-CCA-R3-PC, 2000 WL 167470, at *3 (Tenn. Crim. App. at Jackson, Oct. 17, 2000). In the present case, however, Petitioner has failed to allege any breach of the plea agreement. Petitioner maintains that his negotiated sentences provided that his Madison County sentences would be served concurrent with outstanding federal sentences but consecutive to outstanding Shelby County sentences. The record indicates that the Petitioner's Shelby County sentences have yet to be served. As recognized by the trial court, the Petitioner may have a complaint concerning the calculation of his sentence by the Tennessee Department of Correction; however, post-conviction relief is not the appropriate avenue from which to seek a remedy. Moreover, we acknowledge the fact that the Petitioner may have a potential claim if, or when in fact, he is delivered to the custody of the federal authorities as it is not clear from the plea agreement as to the place of confinement for service of the Madison County sentences. *See Joseph T. Faulkner v. State*, No. W1999-00223-CCA-R3-PC, 2000 WL 167470, at * 3.

Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID G. HAYES, JUDGE